### In re RIVAS.

(District Court, S. D. Florida. June, 1920.)

1. **Bankruptcy ⊝409(2)—Destruction of records without intent to conceal does not prevent discharge.**

Proof that the bankrupt destroyed his canceled checks and stubs in cleaning out his safe, after turning his business over to his principal creditor, but that thereafter he and his attorney stood ready to produce all books desired by the trustee, does not show an intent to conceal his financial condition, which intent is necessary to prevent his discharge for the destruction of the checks.

2. **Bankruptcy ⊝408(3)—Use of money for individual purposes is not concealment.**

The use by the bankrupt of money taken from the business for his personal expenses, and for the discharge of individual debts, is not a concealment of his assets with intent to hinder or delay creditors, which prevents his discharge.

3. **Bankruptcy ⊝409(2)—Change of books, not made to conceal situation, does not prevent discharge.**

Proof that two entries in one of the bankrupt's books had been changed by some one, without proof that it was done by the bankrupt, and where the change was obvious, and the true situation was apparent from other books, does not establish a falsification of the books with intent to conceal his financial condition, and does not prevent discharge in bankruptcy.

---

⊝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Bankruptcy. In the matter of the estate of Henry Rivas, bankrupt. On specifications of objection to the bankrupt's petition for discharge. Specifications not sustained, and bankrupt held entitled to discharge.

George C. Bedell and David H. Doig, both of Jacksonville, Fla., for bankrupt.

Frank J. Heintz and Haley & Heintz, all of Jacksonville, Fla., for objecting creditors.

CALL, District Judge. This cause comes on for a hearing upon specifications of objection to the bankrupt's petition to be discharged. The specifications are 11 in number.

The first is that with intent to conceal his financial condition he failed to keep books of account or records from which such condition might be ascertained.

I find nothing in the evidence to sustain this specification. On the contrary, the testimony shows that he had a regularly employed bookkeeper for the purpose, and that two auditing concerns were able, from the books kept in the business, to make balance sheets showing the assets and liabilities of the business.

The second specification is that with intent to conceal his financial condition he destroyed his canceled checks.

The third is that with like intent he destroyed or concealed his bank pass books.

The fourth is that with like intent he destroyed or concealed three day books.

The fifth is that with like intent he concealed or destroyed one of his ledgers.

The ninth is that the bankrupt disobeyed an order to deliver all his books and papers to his trustee.

[1] These five specifications may be disposed of together. There is no question that the canceled checks and stubs were destroyed when the bankrupt turned his business over to his largest creditor in part extinguishment of the debt due, when cleaning out the safe. There is no proof that any ledger was destroyed. There can be no doubt but that the bankrupt and his attorney stood ready at all times to produce any and all of the books of the business desired by the trustee. The circumstances surrounding the destruction of the canceled checks and stubs, and the attitude of the bankrupt in relation to the books and records of the business packed in a box, negatives any intent to conceal his financial condition, and this intent is necessary in order to prevent his discharge.

[2] The sixth specification is that the bankrupt did conceal certain moneys, within four months prior to his adjudication, with intent to defraud or hinder his creditors.

The proofs do not sustain this specification. A consideration of the testimony convinces me that there was no concealment. The bankrupt lived upon the money collected and paid some individual debts unquestionably, but this does not constitute concealment of assets with intent to hinder or delay creditors.

[3] The seventh specification is that with intent to conceal his financial condition he falsified his books of account.

There seems little doubt that two items in the ledger account of "Rivas Loan Account," were changed by some one; a $1,400 item being changed to $400, and a $1,000 item to $100. As shown by the testimony this change in the ledger account, the cash book remaining unchanged, could not in any manner affect the status of the business as to its financial condition. The cash book showed the items correctly, a withdrawal of those amounts by the owner of the business. As I said, the change was attempted by some one, was patent from an examination of the items, but it seems to me to tax one's credulity to the breaking point to say that whoever made or attempted the change did so with intent to conceal the financial condition of the bankrupt. It was apparent from an examination that some erasure or change had been attempted in an account which had not been used in the business for some considerable time before the bankruptcy proceedings, and which change would have no effect upon the financial condition of the bankrupt. Nor does the proof show such change to have been made by the bankrupt.

The eighth, tenth, and eleventh specifications are admittedly not sustained, and therefore will not be noticed.

I therefore find the specifications of objection not sustained, and that the bankrupt is entitled to his discharge.